### DUNN v. ULTSCH.

(Superior Court of Buffalo, General Term. December 21. 1892.)

1. OPINION EVIDENCE.
   In an action for wages. where defendant sets up a claim against plaintiff for money alleged to have been wrongfully taken by plaintiff from the cash register, defendant cannot be asked whether the register was an accurate machine. as the question calls for his opinion.

2. TRIAL—INSTRUCTIONS—HARMLESS ERROR.
   In an action by a minor for wages, where defendant sets up a claim against plaintiff for money alleged to have been wrongfully taken by him from the cash register. an instruction that a person who employs a minor takes all chances of his negligence and carelessness. and that his carelessness is no defense to his recovering his wages. if error, is harmless, since there is no question of plaintiff's carelessness before the court.

Appeal from municipal court.

Action by William Dunn, by guardian, against Andrew Ultsch, for wages. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before TITUS, C. J., and HATCH and WHITE, JJ.

Emery & Sickmon, for appellant.

J. W. Russell, for respondent.

TITUS, C. J. This is an appeal by the defendant from the municipal court. Various errors are claimed to have been committed on the trial, but none of them seem to be sufficient to warrant a reversal of the judgment. The first error complained of is the refusal of the court to allow the defendant on his direct examination to answer the question

" whether it was an accurate machine." The question clearly calls for the opinion of the witness. He had already stated that he always found it to register correctly, the cash in the drawer corresponding with the amount shown by the register, which amounted to saying he had never found any mistake made by the machine. That is as far as the plaintiff can go. His opinion was not competent evidence.

The proof is not at all conclusive that a correct inventory showed that the defendant had $632 in stock in the store when he was taken sick. He did not measure the liquors, the vessels which contained them were not full, nor did he count the cigars, and the jury probably came to the conclusion that his testimony was not of that precise and accurate character which entitled it to great weight, in view of the fact that no inventory was produced in court, and of the further fact that the store was robbed and some of the property stolen. The witnesses were before the court; the jury had an opportunity to see them and their manner of testifying, and of judging whether the defendant's testimony was to be taken against the other circumstances in the case. They are the best judges of that fact, and the court cannot interfere with their conclusion.

It is claimed the court erred in charging that a person who employs a minor takes all chances of his negligence and carelessness, and that his carelessness is no defense to his recovering his wages. It is a sufficient answer to this to say that the question of the plaintiff's carelessness was not before the court, and, if the court did err on a question of law not properly before it, the judgment will not be reversed on that account. The defendant is charging the plaintiff with tampering with the register so as to defraud him of the receipts, and with not turning over the funds belonging to him. If he did so, his acts were wrongful and criminal, and, when the court charged that the jury must find that the plaintiff took these goods corruptly and wrongfully, it was in accordance with the theory of the defendant's case. While the defendant has waived the tort in his answer, as he may, yet the acts charged against the plaintiff are more or less tortious if the defendant's claim against him is true. He simply waives the right to sue for the wrong, and seeks to recover in assumpsit. I do not think the court erred in charging that there was no evidence that would warrant the jury in finding that the plaintiff took any money wrongfully from the register. The charge by the court does not accompany the return, and we are unable to say, with this request standing alone, that it was not modified by the court in his charge to the jury. There was evidence that the register had been opened; the plaintiff has no key; the register corresponded with the cash in the drawer. Others had access to the register equally with the plaintiff, and the single statement of the defendant that he left the card in the register with " No. 183 " marked upon it, as indicating its position when he last opened it before his sickness, and the number 186 when he opened it after his sickness, I do not think was sufficient to charge the plaintiff with having wrongfully taken the money. This disposes of the objections raised by the defendant, and I think the judgment must be affirmed, with costs. All concur.